IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| ELECTION SYSTEMS & SOFTWARE, INC., | ) ) ) | |
| Plaintiff, | ) ) | Case No. 8:07-CV-00375-LSC-FG3 |
| v. | ) ) ) | Judge Laurie Smith Camp<br>Magistrate Judge F.A. Gossett |
| AVANTE INTERNATIONAL TECHNOLOGY CORPORATION, | ) ) ) ) | JURY TRIAL DEMANDED |
| Defendant. | ) | |

**PROTECTIVE ORDER**

WHEREAS, Plaintiff Election Systems & Software, Inc. ("Plaintiff") and Defendant Avante International Technology Corporation ("Defendant") recognize that, pursuant to discovery or otherwise during the course of the above-captioned lawsuit ("the Lawsuit") between Plaintiff and Defendant, the parties may be required to disclose confidential information; and

WHEREAS, the parties have, through counsel, agreed to entry of this Joint Protective Order pursuant to Fed. R. Civ. P. 26(c) to prevent unnecessary disclosure or dissemination of such confidential information.  Please refer to Docket Entry No. 35 in reference to the Agreed Motion filed on January 23, 2008.

THEREFORE, IT IS HEREBY ORDERED that the following provisions of this Joint Protective Order (hereinafter "Order") shall control the disclosure, dissemination, and use of confidential information in the lawsuit:

1.   This Order shall govern the production, use and disclosure of confidential documents and information produced, used or disclosed in connection with the Lawsuit and designated in accordance with this Order.  A party may designate information or documents produced, used or disclosed in connection with the lawsuit as "CONFIDENTIAL" or "CONFIDENTIAL -

1

ATTORNEYS' EYES ONLY" and subject to the protections and requirements of this Order, if so designated in writing to the other parties, or orally if recorded as part of a deposition or court proceeding, pursuant to the terms of this Order. Information and documents that a party believes contain or refer to information that is not generally available to or accessible by the general public, or that is required to be kept confidential due to preexisting obligations, or that if disclosed would tend to damage the party's competitive position, may be designated as "CONFIDENTIAL." Information and documents that a party believes contain or refer to trade secrets or other confidential research, development, business or financial information, or other confidential technical or commercial information, and that, if disclosed to a business competitor, would tend to damage the party's competitive position may be designated as "CONFIDENTIAL - ATTORNEYS' EYES ONLY." For purposes of this Order the word "document" includes any form of tangible document as well as any form of human or computer readable media.

2. In the case of a document, a designation of "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS' EYES ONLY" shall be accomplished by marking the document with the appropriate legend "CONFIDENTIAL," or "CONFIDENTIAL - ATTORNEYS' EYES ONLY."

3. Information conveyed or discussed in testimony at a deposition or a Court proceeding shall be subject to this Order, provided that it is designated as "CONFIDENTIAL," or "CONFIDENTIAL - ATTORNEYS' EYES ONLY" orally on the record or in writing either at the time of the deposition or Court proceeding, or after receipt by a party of the transcript. For such time as any information or documents designated as "CONFIDENTIAL," or "CONFIDENTIAL - ATTORNEYS' EYES ONLY" are disclosed in a deposition, the party whose information or documents are to be disclosed shall have the right to exclude from attendance at the deposition or Court proceeding, any person who is not entitled to receive such information or documents pursuant to this Order. In the event that a party believes that "CONFIDENTIAL," or "CONFIDENTIAL -

ATTORNEYS' EYES ONLY" information will be disclosed during a deposition or Court proceeding, counsel for the party may designate on the record that all or specific portions of the deposition or proceeding transcript, and the information contained therein, is to be treated as "CONFIDENTIAL," or "CONFIDENTIAL - ATTORNEYS' EYES ONLY," as appropriate.  If, within thirty (30) days, no party designates in writing certain portions of the transcript as "CONFIDENTIAL," or "CONFIDENTIAL - ATTORNEYS' EYES ONLY," all parties shall be permitted to use such portions of the transcript and the information contained therein with no restrictions of confidentiality, subject to the provisions of Paragraph 4 below.

    4.    The failure of a party to designate information or documents as "CONFIDENTIAL," or "CONFIDENTIAL - ATTORNEYS' EYES ONLY" in accordance with this Order, as well as any failure to object to such a designation, shall not preclude a party at a later time from subsequently designating or objecting to the designation of such information or documents as "CONFIDENTIAL," or "CONFIDENTIAL - ATTORNEYS' EYES ONLY."  The parties understand and acknowledge that a party's failure to designate information or documents as either "CONFIDENTIAL," or "CONFIDENTIAL - ATTORNEYS' EYES ONLY" at the time of production or in the case of a deposition or Court proceeding, within thirty (30) days after a party receives a copy of the transcript, as specified in this Order relieves the other parties of any obligation of confidentiality until such a designation is actually made.  In the event of a later designation in accordance with this Paragraph 4, a receiving party shall make reasonable efforts to recover the document and/or information from persons who received it from the receiving party and who would not be authorized to receive such document and/or information in accordance with the later designation.  Persons identified in paragraphs 5(b), 5(d), 5(f), 6(d), or 6(f) who received information that is later designated "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" shall be required to

3

execute a Declaration in the form of Exhibit A and comply as necessary with the provisions of Paragraph 7.

     5.    Any information or document designated as "CONFIDENTIAL" shall be used by the receiving party solely in connection with the lawsuit and, in particular, shall not be used by the receiving party in connection with the prosecution of any patent applications. Information and documents designated as "CONFIDENTIAL" shall not be disclosed to anyone other than:

        (a)    The Court and Court personnel;

        (b)    Not more than six (6) employees of a receiving party, including in-house counsel of a party or the parent company of a party, provided that:

            (i)    such disclosure is needed to assist in the prosecution or defense of this Lawsuit;

            (ii)    such information is maintained in separate and identifiable files, access to which is restricted to the foregoing persons;

            (iii)    before any such person is shown or receives any information or document designated as "CONFIDENTIAL," he or she must execute a Declaration in the form of Exhibit A (attached hereto) and the procedures of Paragraph 7 below must be followed; and

            (iv)    an employee may be substituted under the terms of this Order in the event that an employee who has executed a Declaration in the form of Exhibit A subsequently leaves the employment of the receiving party or ceases to be involved in matters related to the prosecution or defense of the Lawsuit;

        (c):    Outside counsel of record, their employees, and their independent contractors who work at the direction of such counsel, such as copy services and trial graphic designers;

        (d)    Testifying experts, translators, and interpreters, who are either (i) jointly hired by Defendant or (ii) are independent, are not employees of a competitor of the producing party, who

do not have a business relationship with a competitor of the producing party (including, but not limited to, a competitor's suppliers, contractors and operators) and who are retained for purposes of the Lawsuit, provided, however, that before any such person in category (d)(i) or (d)(ii) is shown or receives any information or document designated as "CONFIDENTIAL," he or she must execute a Declaration in the form of Exhibit A attached hereto and the procedures of Paragraph 7 below must be followed;

(e) Persons who authored, were listed as recipients in, or received a "CONFIDENTIAL" document. If such person is an employee of a party, he or she shall not be counted as one of the employees in Paragraph 5(b) above; and

(f) Consulting experts, investigators, and advisers who are independent, are not employees of a competitor of the producing party, who do not have a business relationship with a competitor of the producing party (including, but not limited to, a competitor's suppliers, contractors and operators) and who are retained for purposes of the Lawsuit, provided, however, that before any such person is shown or receives any information designated as "CONFIDENTIAL," he or she must execute a Declaration in the form of Exhibit A, and the procedures of Paragraph 7 below must be followed.

6. Any information or document designated as "CONFIDENTIAL – ATTORNEYS' EYES ONLY" shall be used by the receiving party solely in connection with the Lawsuit and, in particular, shall not be used by the receiving party in connection with the prosecution of any patent applications. Information and documents designated as "CONFIDENTIAL – ATTORNEYS' EYES ONLY" shall not be disclosed to anyone other than:

(a) The Court and Court personnel;

(b) Outside counsel of record, their employees, and their independent contractors who work at the direction of such counsel, such as copy services and trial graphic designers,

5

provided that any individual counsel who views confidential materials does not prepare or prosecute patent applications in the field of electronic voting for any of the parties to this action or prepare or prosecute patent applications in the field of electronic voting for any other entity until two years after the final disposition of this matter. This does not disqualify the entire firm;

    (c)  In house counsel employed by a party or a party's parent corporation that meets the standard of *U.S. Steel Corp.*, and so certify in a declaration, as disclosed pursuant to Fed. R. Civ. P. 7.1, and the employees under supervision of in house counsel in the legal department;

    (d)  Testifying experts, translators, and interpreters, who are either (i) jointly hired by Defendant or (ii) are independent, are not employees of a competitor of the producing party, who do not have a business relationship with a competitor of the producing party (including, but not limited to, a competitor's suppliers, contractors and operators) and who are retained for purposes of the Lawsuit, provided, however, that before any such person in category d(i) or d(ii) is shown or receives any information or document designated as "CONFIDENTIAL – ATTORNEYS' EYES ONLY," he or she must execute a Declaration in the form of Exhibit A and the procedures of Paragraph 7 below must be followed;

    (e)  Persons who authored, were listed as recipients in, or received a "CONFIDENTIAL - ATTORNEYS' EYES ONLY" document; and

    (f)  Consulting experts, investigators, and advisers, who are independent, are not employees of a competitor of the producing party, who do not have a business relationship with a competitor of the producing party (including, but not limited to, a competitor's suppliers, contractors and operators) and who are retained for purposes of the Lawsuit, provided, however, that before any such person is shown or received any information designated as "CONFIDENTIAL – ATTORNEYS' EYES ONLY," he or she must execute a Declaration in the form of Exhibit A, and the procedures of Paragraph 7 below must be followed.

7. (a) The attorneys of record for the receiving party shall retain the original, executed Declarations (in the form of Exhibit A) that have been executed by that party's employees, testifying experts, translators, interpreters, investigators, consulting experts and advisors;

(b) Prior to disclosure of any documents or information designated as "CONFIDENTIAL" pursuant to Paragraphs 5(b), 5(d), or 5(f) above, a copy of the executed Declaration (with a copy of such person's curriculum vitae attached) shall be served upon counsel for all parties to the Lawsuit;

(c) Prior to the disclosure of any documents or information designated as "CONFIDENTIAL - ATTORNEYS' EYES ONLY" pursuant to Paragraphs 6(d) or 6(f) above, a copy of the executed Declaration (with a copy of such person's curriculum vitae attached) shall be served upon counsel for all parties to the Lawsuit; and

(d) Objections to the disclosure shall be made not later than ten (10) business days from the date of service of the executed Declaration. No disclosures shall occur until the period for objections has passed. If objections are made, no disclosures shall occur until the objections are resolved or the Court grants a motion permitting the disclosure. Any such objections must be in good faith and not interposed for purposes of delay or harassment.

8. Notwithstanding the provisions of Paragraphs 5, 6 and 7, the parties may request access to "CONFIDENTIAL – ATTORNEYS' EYES ONLY" information on behalf of any individual on a limited, case-by-case basis. The party requesting access shall provide the individual's name, position, reason for access, and the specific confidential documents or things (by bates number) to which access is requested. The other parties to the Lawsuit will then have ten (10) business days to make objections pursuant to the procedures described in paragraph 7(d) above. In addition, at any point that a party discovers a document they feel has been marked with an erroneous designation, the parties will meet and confer.

7

9. Whenever any document designated as "CONFIDENTIAL," or "CONFIDENTIAL – ATTORNEYS' EYES ONLY," or any paper containing "CONFIDENTIAL," or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" information is filed with the Court, such document or paper shall be filed under seal in accordance with any local rules governing same and shall display a bold heading on its first page in substantially the following form:

"FILED UNDER SEAL – SUBJECT TO COURT ORDER PROHIBITING PUBLIC DISCLOSURE."

10. (a) Subject to the provisions of subparagraph (b) below, within sixty (60) days after the final disposition of the lawsuit, including all appeals therefrom, all documents designated as "CONFIDENTIAL," or "CONFIDENTIAL – ATTORNEYS' EYES ONLY," all copies of such documents and all papers containing "CONFIDENTIAL," or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" information in the possession, custody or control of the parties and their attorneys, employees, experts, translators, interpreters, investigators, advisors or consultants, shall be destroyed or returned to counsel for the producing party. Upon request, a party and its counsel shall separately provide written certification to the producing party that the actions required by this Paragraph 10 have been completed.

(b) After this action concludes, counsel for each party may retain a record of this action, irrespective of whether a party's "CONFIDENTIAL," or "CONFIDENTIAL-ATTORNEYS' EYES ONLY" materials are included in the correspondence files for this case, its pleadings files (including all briefs, memoranda, affidavits, and exhibits), and any brief or appendix on appeal, all trial transcripts and exhibits, all deposition transcripts and exhibits, all hearing transcripts and exhibits, all legal memoranda, and all attorneys' notes.

11. Until such time as this lawsuit is disposed of by judgment, dismissal, settlement or otherwise, any party may apply to the Court at any time for an amendment, modification or addition to this Order.

12. Notwithstanding anything in this Order to the contrary, the confidentiality obligations of this Order shall not prohibit the use by any party of any information or documents that are currently in the party's lawful possession, custody or control, that later come into the possession of the party from others lawfully in possession of such information or documents who are not parties to the Lawsuit or bound by this Order or a comparable order or obligation, or that are required to be disclosed by any law, regulation, order or rule of any governmental authority; provided, however, that if a party is required to disclose a document or information designated as confidential pursuant to any law, regulation, order or rule of any governmental authority, the party shall give immediate advance notice, to the extent possible, of any such requested disclosure in writing to the counsel of the other parties to afford those parties the opportunity to seek legal protection from the disclosure of such information or documents.

13. Neither this Order nor any stipulation therefor, nor any disclosure or use of information or documents, in whatever form, pursuant to this Order, shall be deemed an admission, waiver or agreement by any party that any information or document designated as "CONFIDENTIAL," or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" hereunder is or is not a trade secret or confidential information for purposes of determining the merits of any claims any party may have against each other or a third party. Further, neither this Order nor any stipulation therefor shall be deemed to expand the scope of discovery in the Lawsuit beyond the limits otherwise prescribed by law or to enlarge the scope of discovery to matters unrelated to this Lawsuit.

14. Unintentional erroneous production of documents or other form of communication, including without limitation, fax and e-mail, subject to work product immunity or the attorney-client

privilege, shall not, by that act alone, constitute a waiver of the immunity or privilege, provided that the producing party notifies the receiving party in writing via facsimile, e-mail, or other written means, of the fact and circumstances of such an alleged erroneous production promptly upon learning of it.  Such alleged erroneously produced documents, or other form of communication, and all copies thereof, shall be promptly returned to the producing party or destroyed upon request of the producing party, unless the receiving party promptly seeks the Court's determination that (i) the information is not  privileged or protected by work product immunity or (ii) a waiver has occurred, e.g., because the production was not unintentional and erroneous or the claim of unintentional erroneous production was not made promptly.  Until the parties or the Court resolve(s) the issues raised by the receiving party, the receiving party may not use or disclose the alleged erroneously produced documents or other form of communication.

15. This Order shall not be construed to foreclose any party from moving the Court for an order that information or documents designated as "CONFIDENTIAL" are not confidential, or that information or documents designated as "CONFIDENTIAL – ATTORNEYS' EYES ONLY" should be reclassified to a lower level of confidentiality or are not confidential.  On a motion to reclassify "CONFIDENTIAL – ATTORNEYS' EYES ONLY," information or documents at a lower level of confidentiality, the non-moving party shall have the burden of proving that the need to prevent disclosure of the information or documents to the opposing party's personnel outweighs the moving party's need to disclose the information or documents to its personnel.  On a motion to designate "CONFIDENTIAL," or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" information or documents as not confidential, the non-moving party shall have the burden of proving that the information or documents so designated is confidential.  Prior to making any such motion, the parties shall discuss the matter in good faith to try to resolve or narrow the scope of the subject motion.  The information or documents shall be treated as originally designated, i.e., "CONFIDENTIAL," or

"CONFIDENTIAL – ATTORNEYS' EYES ONLY," at least until the parties agree otherwise or the Court issues an order removing such designation. The finding that information or documents designated as "CONFIDENTIAL," or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" are actually non-confidential shall not in itself constitute a negation or waiver of the confidentiality of any other information or documents designated as "CONFIDENTIAL," or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" of the producing party.

16. If a Third Party produces documents or information or provides testimony that it believes contain(s) or refer(s) to information that is "CONFIDENTIAL," or "CONFIDENTIAL - ATTORNEYS' EYES ONLY," such Third Party may mark such documents or identify such information and testimony in accordance with Paragraphs 1 - 3 above, and such documents, information and testimony shall be treated by the parties in accordance with the provisions of this Order as if such documents, information and testimony were produced by a party to this action.

17. If "CONFIDENTIAL," or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" materials are disclosed to any person other than in the manner authorized herein, the party responsible for the disclosure must immediately bring all pertinent information relating to such disclosure to the attention of all interested parties, and without prejudice to other rights and remedies of the designating party, shall make every effort to prevent further disclosure by it or by the person who was the recipient of such information.

18. Nothing in this Protective Order shall limit or restrict the manner in which any party or third party shall handle its own Discovery Material.

19. This Order shall be without prejudice to the right of any party to apply to the Court for relief from any of the requirements hereof for good cause, including from applying to the Court for further or additional protective orders or for a modification of this Protective Order.

20. The parties agree to abide by and be bound by the terms of this Order upon signature hereof as if the Order had been entered on that date.

Respectfully submitted,

| ELECTION SYSTEMS & SOFTWARE, INC. | AVANTE INTERNATIONAL TECHNOLOGY CORPORATION |
|---|---|
| By: /s/ Karen L. Blouin<br>Raymond P. Niro<br>Christopher J. Lee<br>David J. Sheikh<br>Brady J. Fulton<br>Karen Blouin<br>NIRO, SCAVONE, HALLER & NIRO<br>181 W. Madison Street, Suite 4600<br>Chicago, IL 60602<br>Phone: (312) 236-0733<br><br>Michael C. Cox<br>KOLEY JESSEN P.C., L.L.O.<br>One Pacific Place<br>1125 South 103rd Street, Suite 800<br>Omaha, NE 68124<br>Phone: (402) 390-9500<br>Fax: (402) 390-9005<br>mike.cox@koleyjessen.com | By: /s/ Paul A. Lesko<br>Paul A. Lesko<br>SIMMONS COOPER, LLC<br>707 Berkshire Blvd.<br>East Alton, IL 62024<br>Phone: (618) 259-2222<br>Fax: (618) 259-2251 |

**APPROVED AND ADOPTED January 24, 2008.**

**BY THE COURT:**

**s/ F.A. Gossett**
**United States Magistrate Judge**

**Exhibit A**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| ELECTION SYSTEMS & SOFTWARE, INC., | ) ) ) | |
| Plaintiff, | ) ) | Case No. 8:07-CV-00375-LSC-FG3 |
| v. | ) ) ) | Judge Laurie Smith Camp<br>Magistrate Judge F.A. Gossett |
| AVANTE INTERNATIONAL TECHNOLOGY CORPORATION, | ) ) ) ) | JURY TRIAL DEMANDED |
| Defendant. | ) ) | |

**ACKNOWLEDGMENT OF PROTECTIVE ORDER
REGARDING PROTECTED INFORMATION**

I have read the attached Stipulated Protective Order and I agree to be bound in all respects by its terms. In addition, I hereby submit to the jurisdiction of the United States District Court for the District of Nebraska for the purpose of enforcement of the attached Stipulated Protective Order.

Date: _____          By: _____