## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| ELECTION SYSTEMS & SOFTWARE, INC., | ) ) ) | CASE NO. 8:07CV375 |
| Plaintiff, | ) ) ) | |
| v. | ) ) | MEMORANDUM AND ORDER |
| AVANTE INTERNATIONAL TECHNOLOGY CORPORATION, | ) ) ) ) | |
| Defendant. | ) | |

This matter is before the Court on the Defendant's Motion to Dismiss, Stay, and/or Transfer (Filing No. 15). For the reasons stated below, this case will be transferred to the United States District Court for the Eastern District of Missouri.

## PROCEDURAL AND FACTUAL BACKGROUND

Plaintiff Election Systems & Software, Inc. ("ES&S") filed this action on September 20, 2007, seeking declaratory judgment of patent invalidity, unenforceability and non-infringement with respect to two patents purportedly held by Defendant Avante International Technology Corporation ("Avante") (Complaint, Filing No. 1). Essentially, ES&S is seeking a declaration that U.S. Patent Nos. 6,892,944 ("the '944 patent") and 7,077,313 ("the '313 patent") are invalid, unenforceable, and not infringed by a paper-based vote tabulation machine that ES&S intends to market under the name intElect DS200 ("DS200"). ES&S alleges that Avante has engaged "in a course of conduct that shows a preparedness and willingness to enforce the patents in suit against ES&S with respect to the DS200 product which includes . . . assertion of these purported patent rights by pursuing litigation against ES&S with respect to ES&S's other and earlier generation election management products in the United States District Court for the Eastern District

of Missouri in *Avante International Technology Corporation v. Diebold Election Systems,*

*Sequoia Voting Systems, and Election Systems & Software, Inc.*, Cause No. 4:06cv00978

TCM (the 'Missouri Patent Lawsuit')."  (Complaint ¶13).

Avante has moved to dismiss, stay and/or transfer ES&S's action.  (Filing No. 15).

Avante contends that the action should be dismissed due to the Court's lack of personal

jurisdiction over Avante, improper venue in the District of Nebraska, and because the

issues raised in this case are duplicative of those raised in the Missouri Patent Lawsuit.

In the alternative, Avante requests that this Court stay these proceedings pending the

outcome of the Missouri Patent Lawsuit or transfer the action to the Eastern District of

Missouri under 28 U.S.C. §1404 (a) (convenience of parties and witnesses and interest of

justice) or 28 U.S.C. § 1406 (a) (venue and interest of justice).

Avante has submitted an Index of Evidence demonstrating that the Missouri Patent

Lawsuit involves the same issues, parties and patents, and that the DS200 is simply the

latest ES&S prototype voting machine disclosed in the course of discovery in the Missouri

Patent Case.  See Declaration of Jill Rogers-Manning, Filing No. 17-2, ¶¶ 4, 6, 7, 10-12,

and Exhibits C, E, and F to Declaration.

ES&S resists Avante's motions, noting that "ES&S offered to dismiss this case and

proceed with the dispute in the Missouri action if Avante would agree to two conditions:

(1) Avante would provide ES&S additional time and opportunities to conduct discovery into

Avante's allegations of infringement against the DS200, and (2) Avante would agree that

it will not in the future accuse any of ES&S's past or current products of infringing any

claims of the '944 and '313 patents that were not then asserted in the Missouri action. . .

2

. Avante refused ES&S's offer."  See ES&S Brief in Opposition to Motion to Dismiss, Stay and/or Transfer (Filing No. 38) at p.7.

## DISCUSSION

This Court has the discretion to transfer this case to the Eastern District of Missouri under 28 U.S.C. § 1404 (a) which provides: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."  The Court also has discretion to transfer the case to the Eastern District of Missouri under 28 U.S.C. § 1406 (a) which provides: "The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."

*Personal Jurisdiction*

A lack of personal jurisdiction over a defendant does not preclude a transferor court from effecting a transfer under 28 U.S.C. § 1404 (a) or § 1406 (a).  *Goldlawr, Inc. v. Heiman*, 369 U.S. 463, 466 (1962) (holding that §1406(a) is broad enough to authorize the transfer of a case "whether the court in which it was filed had personal jurisdiction over the defendants or not."); *Follette v. Wal-Mart Stores, Inc.*, 41 F.3d 1234, 1238 (8th Cir. 1994) (correct course of action for a district court lacking personal jurisdiction is to dismiss or to transfer to another jurisdiction pursuant to 28 U.S.C. §§ 1404(a) or 1406 (a)); *Naegler v. Nissan Motor Co., Ltd.*, 835 F.Supp. 1152, 1156 (W.D.Mo. 1993) (fact that court may lack personal jurisdiction over defendants does not deprive it of the power to order a § 1404(a) transfer).  See also *Wright, Miller & Cooper*, 14D Fed. Prac. & Proc. Juris 3d § 3827 (2008)

3

("If, as the *Goldlawr* decision holds, transfer can be ordered of a case from a district where both venue and personal jurisdiction are lacking, it should follow *a fortiori* that there can be transfer if venue is proper and only personal jurisdiction is lacking.")

After a review of the evidence submitted by both parties in support of their respective positions on the pending motion, this Court agrees with Avante's assertion that: "the Missouri action substantially encompasses this action.  Thus, the Missouri action is entitled to first-filed status and proceeding further in this case would not only unnecessarily and inefficiently duplicate judicial proceedings but would also risk inconsistent results between the two actions."  (Avante Brief, Filing No. 41, p. 1).  Because this Court concludes that this case should be transferred to the District Court for the Eastern District of Missouri in the interest of justice pursuant to 28 U.S.C. § 1404 (a) or 1406 (a), Avante's motion to dismiss for lack of personal jurisdiction need not and will not be addressed.

*Venue*

If venue is proper in the District of Nebraska, this case should be transferred pursuant to 28 U.S.C. § 1404 (a).  If venue is improper in the District of Nebraska, this case should be transferred pursuant to 28 U.S.C. § 1406 (a).  Because this action was brought under the Declaratory Judgment Act, 28 U.S.C. §§ 2201-02, and the patent laws of the United States, Title 35 of the United States Code, choice-of-law disputes inherent in diversity-of-citizenship actions should not arise in this case.  Therefore, it should make little difference to the parties whether the action is transferred pursuant to § 1404 (a) or § 1406 (a).[1]

---

[1]If choice-of-law were at issue in this case, the transferee court would be expected to apply the law of its own forum in a case transferred pursuant to § 1406 (a), or one where

ES&S's Complaint simply asserts that venue in this district is proper "because Avante is subject to personal jurisdiction in this judicial district." (Filing No. 1, ¶ 15). ES&S now argues, however, that venue is also proper under 28 U.S.C. § 1391 (b) (2), because this is not an action based on diversity-of-citizenship, and a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, in the District of Nebraska.

"Venue in a declaratory judgment action for patent invalidity and noninfringement is governed by the general venue statute, 28 U.S.C. § 1391 (b) and (c), not the patent infringement venue statute, 28 U.S.C. § 1400(b)." *Emerson Electric Co. v. Black and Decker Manuf. Co.*, 606 F.2d 234, 238 (8th Cir. 1979). Whether or not this Court has personal jurisdiction over Avante, it appears that venue for this action *is* proper in Nebraska. Liberally construing the Complaint, a substantial part of the events or omissions giving rise to the claim occurred in Nebraska, *e.g.*, ES&S's design and manufacture of the DS200 product; and a substantial part of property that is the subject of the action is situated in Nebraska, *i.e.*, the DS200 product.[2]

*Convenience of the parties and witnesses, and the interest of justice*

---

personal jurisdiction was lacking in the transferor court. Where the transfer was made pursuant to § 1404 (a) and the transferor court did have personal jurisdiction over the defendant, the transferor court would be expected to apply the law of the transferor forum. *Wright, Miller & Cooper*, 14D Fed. Prac. & Proc. Juris. 3d § 3827.

[2] It is acknowledged that ES&S has provided scant evidence at this juncture to meet is burden of demonstrating venue under 28 U.S.C. § 1391(b). In its brief, it merely asserts that the elements of the section are met "because this is where ES&S is located." (Filing No. 38, p. 17). Had this Court concluded that ES&S had not met its burden of demonstrating venue in Nebraska, however, the Court still would have transferred the action pursuant to 28 U.S.C. § 1406 (a).

The evidence submitted herein (Filing Nos. 17, 39, 40, 42 and 43) demonstrates that the pending Missouri Patent Lawsuit involves substantially the same parties, the same witnesses, and the same issues.  The Missouri Patent Lawsuit was first filed, and the District Court for the Eastern District of Missouri has devoted tremendous time and energy to the progression of the case and resolution of preliminary issues that will also be relevant to the resolution of this action.  (See Docket Sheet, Case No. 4:06-cv-00978, EDMO, Filing No. 39-3 herein).  The balance of convenience for the parties and witnesses weighs heavily in favor of a transfer of this case to the Eastern District of Missouri.  Such a transfer is also in the interest of justice, judicial economy, and the consistent resolution of disputes of fact and law.  This Court concludes that this action should be transferred, pursuant to 28 U.S.C. § 1404 (a), to the United States District Court for the Eastern District of Missouri, where the Missouri Patent Lawsuit between the parties is now pending.

For the foregoing reasons,

IT IS ORDERED:

1.    The Defendant's Motion to Dismiss, Stay and/or Transfer (Filing No. 15) is granted in part; and

2.    This action is transferred to the United States District Court for the Eastern District of Missouri, pursuant to 28 U.S.C. § 1404 (a), for the convenience of the parties and witnesses and in the interest of justice.

DATED this 7th day of April, 2008.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge